UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTHONY MINES,

    Defendant.

No. CR-04-216-FVS

ORDER DENYING MOTION TO VACATE AND MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court without oral argument based upon both the defendant's pro se "Motion Under 28 U.S.C. 2255 to Vacate" (ECF No. 114) and his pro se "Motion for Appointment of Counsel" (ECF No. 115).

**BACKGROUND**

The defendant was convicted of knowingly possessing a stolen firearm. 18 U.S.C. 922(j). He did not appeal his conviction. He served a term of 104 months imprisonment in the custody of the Bureau of Prisons ("BOP"). On February 7, 2013, he commenced a term of 36 months supervised release. He was arrested by local law enforcement officers on June 23, 2013, based upon probable cause to believe he had violated state law. On June 26, 2013, the Court issued a warrant for his arrest. Local authorities were notified of the arrest warrant, and so the defendant remained in state custody

Order - 1

from June 26th until his appearance before the Court on August 5th. On that date, he admitted he had committed three violations of supervised release.  The Court sentenced him to 13 months imprisonment with credit for the time he previously had served in federal custody.  Judgment was entered on August 6, 2013.  He is serving the prison sentence.  On November 12, 2013, he filed two motions pursuant to Federal Rule Of Criminal Procedure 36 asking the Court to amend the judgment.  The Court denied both motions on January 15, 2014.  On February 11, 2014, he filed a motion to vacate his conviction and sentence, 28 U.S.C. § 2255, and a motion for appointment of counsel.

**RULING**

The original judgment was entered on April 8, 2005.  The defendant did not appeal.  Consequently, his conviction became final on or about April 18, 2005.  The deadline for filing a motion to vacate the conviction and sentence expired on or about April 17, 2006.  28 U.S.C. § 2255(f)(1).  The defendant has not identified any basis for tolling the one-year deadline. *Cf. United States v. Buckles*, 647 F.3d 883, 889 (9th Cir.2011) ("A § 2255 movant is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)) (punctuation and citation in *Holland* omitted)).

Order - 2

Consequently, the defendant's motion to vacate is time barred.

**IT IS HEREBY ORDERED:**

1. The defendant's pro se "Motion Under 28 U.S.C. 2255 to Vacate" (**ECF No. 114**) is **denied.**

2. The defendant's pro se "Motion for Appointment of Counsel" (**ECF No. 115**) is **denied.**

3. The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the parties.

**DATED** this ___12th___ day of May, 2014.

                        s/ Fred Van Sickle
                           Fred Van Sickle
              Senior United States District Judge

Order - 3